765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
FRANZ H. BAUER, DEFENDANT-APPELLANT.
 NO. 84-3685
 United States Court of Appeals, Sixth Circuit.
 5/24/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 BEFORE: ENGEL and KRUPANSKY, Circuit Judges; and HULL*, District Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant Franz H. Bauer appealed from his jury convictions for transferring firearms to a resident of a state other than his own, in violation of 18 U.S.C. Sec. 922(a)(5), and transporting firearms in interstate commerce while under an indictment for a felony, in contravention of 18 U.S.C. Sec. 922(g)(1).
 
 
 2
 James Noe (Noe), a taxi driver, testified at trial that he assisted the defendant in loading firearms from a Maserati automobile into his taxi at a lot in Kenova, West Virginia. Noe then drove defendant and the firearms to the Best Western Motel in South Point, Ohio and assisted him to store the firearms into room 216 after defendant had obtained the key to that room from the motel office. Several hours later, after Noe had completed his taxi shift, he notified the South Point Police Department of the incident concerning the firearms. The police department, in turn, contacted the Lawrence County Sheriff's Department. On the morning of January 23, 1984, Detective James Sargent (Sargent) of the sheriff's department ascertained that room 216 was registered to defendant's name. He proceeded to the room, knocked on the door and identified himself to the defendant. Detective Sargent informed him that he had heard that there were a number of stolen guns in the room. The defendant responded that he had been holding some guns for a friend but that they were no longer in the room. When Sargent inquired about a blue Pontiac Phoenix automobile parked in the immediate vicinity of room 216, defendant disclaimed ownership of the vehicle for which reason he was unable to authorize a search of the vehicle.
 
 
 3
 Sargent, and other Sheriff's officers, the County Prosecutor and his investigator learned that defendant had an outstanding felony indictment issued against him, and that he had given the motel clerk an incorrect street address upon registration and that certain individuals who had visited room 216 had previously emerged from the blue Pontiac Phoenix. Sargent testified that the motel clerk advised him that he had experienced some difficulty with the defendant concerning defendant's payment for his second night's lodging. Sargent examined the account card at 9:30 a.m. on January 23 which disclosed that on January 22 payment had been made for both January 21 and January 22 occupanies, however, payment had not been made for January 23 occupancy. Checkout time was 10:30 a.m.
 
 
 4
 After consulting with the Sheriff, Prosecutor, and his investigator about whether to arrest defendant, Sargent and an officer Wayne Sweeny (Sweeny) approached defendant, without an arrest warrant, and placed him under arrest. Officer Sweeney advised defendant of his Miranda rights and informed him that he was under arrest for 'defrauding a livery,' a misdemeanor under Ohio Revised Code Sec. 2913.14.
 
 
 5
 Subsequent to an initial refusal, defendant consented to a search of room 216 at which the prosecutor and his special investigator were present. During the search, defendant volunteered several inculpatory statements and admitted that he had transported firearms across interstate borders.
 
 
 6
 The officers found no weapons in the room, but a search of the blue Pontiac Phoenix in the immediate vicinity of room 216 disclosed a number of firearms. Defendant was then indicted and convicted of firearms violations under 18 U.S.C. Secs. 922(a)(5) and 992(g)(1).
 
 
 7
 The district court denied defendant's motion to suppress his post-arrest statements. On appeal, defendant asserted that his statements should have been suppressed because his arrest for defrauding a livery was a fiction.
 
 
 8
 The government argued that the arrest was lawful because probable cause existed to support a federal firearms offense. Probable cause exists where the facts available to the officers at the moment of the arrest are 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing the offense.' Gerstein v. Pugh, 420 U.S. 103, 111, 95 S.Ct. 854, 861, 43 L.Ed.2d 54 (1975); United States v. Francis, 646 F.2d 251, 259 (6th Cir.) cert. denied, 454 U.S. 1082 (1981). When the officers arrested defendant, they knew: that the individual in room 216 of the Best Western Motel in South Point, Ohio had transported 20 to 30 guns by taxi from West Virginia; that room 216 was registered to defendant; that defendant was under indictment for a felony; and that defendant, in a pre-arrest statement, admitted to the arresting officers that he had previously stored a number of guns in room 216 but that the guns had been removed.
 
 
 9
 This court concludes that the arrest was lawful because the police had probable cause to arrest the defendant for a federal firearms offense. See United States v. Dunavan, 485 F.2d 201, 205 (6th Cir. 1973) ('validity of an arrest is to be judged by whether officers actually had probable cause for the arrest rather than by whether the officers gave the arrested person the right reason'); see also United States v. Smith, 635 F.2d 1329, 1333 (8th Cir. 1980); United States v. LaBelle, 517 F.2d 750, 754 and fn. 5 (2d Cir. 1975) cert. denied, 423 U.S. 1062 (1976). Since defendant's arrest was not unlawful, the district court properly denied defendant's motion to suppress his post-arrest statements.
 
 
 10
 Defendant also asserted that there was insufficient evidence to show that he knowingly transferred firearms to a person who resided in another state or that he even transferred firearms, both of which are necessary elements to a conviction under 18 U.S.C. Sec. 922(a)(5). A thorough review of the record, however, discloses that the evidence was sufficient to support the jury's guilty verdict.
 
 
 11
 Therefore, the judgment is AFFIRMED.
 
 
 
 *
 Hon. Thomas G. Hull, Chief Judge, Eastern District of Tennessee, sitting by designation